IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

| | |
|---|---|
| BRUCE ANTHONY TURNER, #156 401 | * |
| Petitioner, | * |
| v. | * CIVIL ACT. NO.2:05-CV-1169-MEF |
| | (WO) |
| BOB RILEY, GOVERNOR OF ALABAMA, *et al.*, | * |
| | * |
| Respondents. | |

_____

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Petitioner, an inmate proceeding *pro se*, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. In 2003, Petitioner states that prison officials with the Alabama Department of Corrections ["ADOC"] transferred him to the Tallahatchie Correctional Facility ["TCF"] pursuant to the Interstate Corrections Compact ["ICC"]. *See* Ala. Code § 14-13-2 (1975). Petitioner challenges the legality of the transfer of inmates to other correctional facilities for housing and care pursuant to the ICC. He complains that as a result of the transfer, he "has been deprived of rights, benefits, status, and programs in which he was participating . . . at the time of the transfer, which was without legal authority and once Alabama released me to CCA ["Corrections Corporation of America"], Alabama lost jurisdiction over me and CCA cannot legally detain me." Petitioner further alleges that the transfer has resulted in various due process and equal protection violations which have adversely impacted his eligibility for work release, parole consideration, less restrictive

custody, and other favorable prison programs.  (Doc. No. 1, pgs. 4-7.)

Petitioner is currently incarcerated at the Fountain Correctional Center.  Fountain Correctional Center is located in Atmore, Alabama.

## I.  DISCUSSION

A habeas petition filed under 28 U.S.C. § 2241 must be filed in the district court in which a petitioner is incarcerated.  *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484 (1973); *United States v. Plain*, 748 F.2d 620, 621 (11th Cir. 1984); *Blau v. United States*, 566 F.2d 526, 527 (5th Cir. 1978); *see also Rumsfeld v. Padilla*, 542 U.S. 426, 124 S.Ct. 2711, 2722 (2004) (the "plain language of the habeas statute . . .confirms the general rule that for core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement.").  Petitioner is presently incarcerated at the Holman Correctional Facility located in Atmore, Alabama.  This correctional facility is located within the jurisdiction of the United States District Court for the Southern District of Alabama.

In light of the foregoing, this court lacks jurisdiction to consider the habeas corpus petition filed by Petitioner.  *Plain*, 748 F.2d at 621.  However, "[f]or the convenience of parties and witnesses, [and] in the interest of justice, a district court may transfer any civil action to any other district . . . where it might have been brought." 28 U.S.C. § 1404(a). Under the circumstances of this case as outlined herein, the court concludes that this case should be transferred to the United States District Court for the Southern District of Alabama

for review and determination.[1]

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be transferred to the United States District Court for the Southern District of Alabama pursuant to the provisions of 28 U.S.C. § 2241(d).[2]

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before January 26, 2006. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the

---

[1] In so ruling, the court does not preliminarily scrutinize the merits of the petition.

[2] A decision on Petitioner's application for *in forma pauperis* status is reserved for ruling by the United States District Court for the Southern District of Alabama.

decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 13th day of January, 2006.

       /s/Charles S. Coody
CHARLES S. COODY
CHIEF UNITED STATES MAGISTRATE JUDGE